| | | |
|---|---|---|
| Charles Michael Stokes, # 324518, | ) | **C/A No. 9:10-1168-CMC-BM** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Andrew Moorman; | ) | |
| Keith Morecraft; | ) | |
| Charles Taylor; | ) | |
| Donna J. Wilkes; | ) | |
| A. S. Lindler; | ) | |
| Thacker; | ) | |
| B. Ford; | ) | |
| W. Kramer; | ) | |
| Betty Murphy; | ) | |
| Arnette; | ) | |
| Bridges; | ) | |
| Fetterolf; | ) | |
| Tucker; | ) | |
| Buddy R., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving a twenty-year sentence for second-degree burglary. His conviction was entered in the Court of General Sessions for Greenville County in January of 2008.

1



This case arises out of twenty-nine (29) indictments that were dismissed after the plaintiff was convicted of second-degree burglary. Plaintiff has brought suit against investigators for the Greenville County Sheriff's Department (Morecraft and Taylor), investigators for the City of Greenville Police Department (Wilkes and Lindler), investigators for the Mauldin Police Department (Thacker and Ford), a lieutenant with the Department of Public Safety (Kramer), six persons associated with the grand jury proceedings, and an Assistant Solicitor (Moorman). Plaintiff contends that all twenty-nine (29) of these indictments were "DEFECTIVE" because no court was in session when the indictments were returned. Plaintiff alleges that Assistant Solicitor Moorman knowingly, willingly, and maliciously submitted false and misleading information to the Court, and that the persons associated with the grand jury also submitted false and misleading information. Plaintiff further alleges that these defendants committed perjury and caused him mental anguish, fright and shock, and psychological injury, and seeks compensatory damages and punitive damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147,

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails
(continued...)



1151 (4th Cir. 1978). Further, as the plaintiff is a *pro se* litigant, his pleadings are accorded liberal

construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S.

5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529

F.2d 70, 74 (2nd Cir. 1975). Even when considered under this less stringent standard, however, the

§ 1983 complaint is subject to summary dismissal. Plaintiff must plead factual content that allows

the court to draw the reasonable inference that a defendant is plausibly liable, not merely possibly

liable; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v.*

*Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal.,

July 17, 2009); and the requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the twenty-nine (29) indictments at issue were dismissed, it is arguable that the

above-captioned case is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Even so, Assistant

Solicitor Moorman is immune from suit. Prosecutors — such as Assistant Solicitor Moorman[2] —

have absolute immunity for activities in or connected with judicial proceedings, such as a criminal

trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van*

*de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259

(1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th

---

(...continued)
to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua*
*sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

[2]In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C.
Const. Article V, § 24; and S.C. Code Ann. § 1-7-310.



Cir. 2000). Additionally, The witnesses, including the investigators, who testified before the grand jury are also immune from suit, as it is well settled in this circuit that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law, which is a jurisdictional requirement for a § 1983 suit. *Burke v. Miller*, 580 F.2d 108, 109-10 & n. 3 (4th Cir. 1978). Moreover, all persons who testified in any judicial proceedings relating to the grand jury proceedings have absolute immunity in an action for damages brought under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983); and *Lowman v. Town of Concord*, No. 93-CV-0636E(F), 1995 U.S. Dist. LEXIS 3041, 1995 WL 108224 (W.D.N.Y., March 7, 1995) (collecting cases).

The members of the grand jury are also immune from suit with respect to the issuance of the indictments. *See Cleavinqer v. Saxner*, 474 U.S. 193, 200 (1985) (noting the adoption in this country of the principle of immunity for grand jurors.), which cites *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20 (1976); and *Mills v. Crowe*, No. 4:08CV1850, 2010 U.S. Dist. LEXIS 14424, 2010 WL 624011 (E.D. Mo., Feb. 18, 2010) ("The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties.").

Finally, the plaintiff is not entitled to damages for emotional distress or psychological injuries, as case law prior to the adoption of the Prison Litigation Reform Act held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims; *see Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986); and *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989); while the Prison Litigation Reform Act



provides that physical injuries are a prerequisite for an award of damages for emotional distress

under 42 U.S.C. § 1983. This provision is now codified at 42 U.S.C. § 1997e(e), and has been held

to be constitutional. *See Zehner v. Trigg*, 952 F. Supp. 1318 (S.D. Ind. 1997), *affirmed*, 133 F.3d

459, 463 (7th Cir. 1997) ("The restriction § 1997e(e) places on prisoners, therefore, is not even

exclusive to them; [*Metro-North Commuter R.R. v. Buckley*, 521 U.S. 424 (1997) (Federal

Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the

absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to

impose the same restriction upon a large group of non-prisoners. This application to another group

severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case

*without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke*

*v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B)

[essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after

docketing, district courts should review prisoner cases to determine whether they are subject to

summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 14, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

